THE PEOPLE, *ex rel.* ANGEL, v. HATCH, late county judge of Allegany county.

*Bonding towns in aid of railroads—when tax payer may withdraw consent given.*

In proceedings to bond the town of Belfast, Allegany county, in aid of the B. & B. R. R., under section 1 of chapter 925, Laws of 1871 (amending chap. 907, Laws of 1869), certain tax payers signed the petition, required by the act, praying that bonds be issued. Afterward, at the hearing before the county judge upon such petition, a portion of those signing requested the withdrawal of their names from the petition. The county judge refused to allow such withdrawal.

*Held* (following *People* v. *Sawyer*), that the refusal of the county judge was erroneous, and that those asking to withdraw their names should have been allowed so to do.

Common-law *certiorari* to review the action of the late county judge of Allegany county, in relation to a petition to bond the town of Belfast, in aid of the Belmont and Buffalo Railroad. The facts appear in the opinion.

*E. D. Loveridge*, for relator, cited *The People, ex rel. Delafield*, v. *Hughitt*, 5 Lans. 89; *The People, ex rel. Hoag*, v. *Peck*, 4 Lans. 528, 535; *The People, ex rel. Haines*, v. *Smith*, 3 id. 291, 295; 45 N. Y. 772, 783; *The People, ex rel. Allen*, v. *Knowles et al.*, 47 id. 415, 419; *The People, ex rel. White*, v. *Hurlbert*, 59 Barb. 446, 481; *Sharp* v. *Speir*, 4 Hill, 76; *Miller* v. *Brinker-hoff*, 4 Denio, 118; *Powell* v. *Tuttle*, 3 N. Y. 396; *Olmstead* v. *Elder*, 5 id. 144; *The People* v. *The Board of Metropolitan Police*, 39 N. Y. 506; *The People* v. *Assessors of the City of Albany*, 40 id. 154; *People* v. *Draper*, 15 id. 532; *Devoy* v. *Mayor, etc.*, 36 id. 449; *Clarke* v. *City of Rochester*, 28 id. 605; *The People* v. *Mead*, 36 id. 224; *Phelps* v. *Williams*; *Commonwealth* v. *Clapp*, 5 Gray, 97; *Stime* v. *Hutchings*, id. 482; *Stime* v. *Pomeroy*, id. 486; *State* v. *Commissioners of Perry County*, 5 Ohio St. 497; *Reed* v. *Omnibus R. R. Co.*, 33 Cal. 212; *Robinson* v. *Bidwell*, 22 id. 379; *Warren* v. *Mayor and Aldermen of Charlestown*, 2 Gray, 84; *Slauson* v. *Racine*, 13 Wis. 398.

*Geo. S. Jones*, for defendant, cited *The People, ex rel. Sayre*, v. *Franklin*, 5 Lans. 129; *The People, ex rel. Hoag*, v. *Peck*, 4 id. 528; *Bank of Rome* v. *Village of Rome*, 18 N. Y. 38; *Clarke* v. *City of Rochester*, 28 id. 605; *Grant* v. *Courter*, 24 Barb. 232.

Mullin, P. J.   The proceedings to bond the town of Belfast, in the county of Allegany, were instituted under section 1 of chapter 925 of the Laws of 1871, which amends chapter 907 of the Laws of 1869. A petition purporting to be signed by a majority of the tax payers of said town whose names appeared on the last preceding assessment roll of said town, and who were assessed for or represented a majority of the taxable property of said town, praying that bonds of said town be issued in aid of the Belmont and Buffalo Railroad Company, to the amount of $30,000, was presented to the county

judge of said county, accompanied by the affidavit of one of the tax payers, setting forth that said petition was signed by a majority of the tax payers of said town, and that they were assessed for or represented a majority of the taxable property of said town.

On presentation of this petition, thus verified, the county judge acquired jurisdiction to publish the notice that, on a day named, he would take proof of the facts and circumstances stated in the petition. The county judge is not authorized to enter into any examination of the question whether the petition is signed by the requisite number of tax payers, until the day of meeting designated in his notice. The affidavit of the tax payer is conclusive evidence that the petition is signed by the required number for all purposes of jurisdiction.

On the hearing before the county judge pursuant to notice, it was found that one hundred and fourteen persons whose names appeared on said assessment roll had signed said petition. In the affidavit made by Abel Angel for the purpose of the motion for a *certiorari*, it is stated that twenty-nine of the persons who had signed the petition applied to the county judge to be permitted to withdraw their names from said petition, but the county judge refused to permit them to withdraw and counted them as tax payers signing said petition. It is further stated in said affidavit of Angel, that had the said persons who requested to withdraw, been permitted to do so, there would not have remained a majority of the tax payers of said town of Belfast, owning or representing a majority of the taxable property appearing on the last preceding assessment roll of said town. The county judge returns that the affidavit of Angel contains a true history of the proceedings and rulings of said county judge, and his determination in said matter, and he adopts it as his return with certain qualifications, none of which affect the question now under consideration.

The court of appeals having decided in *The People* v. *Sawyer*, that persons signing the petition have the right to withdraw their consent to bonding the town, and such persons counted in ascertaining the number of tax payers who have consented to bond the town, it follows that the determination of the county judge is erroneous and must be reversed.

It is unnecessary to examine any other of the numerous questions discussed by counsel.

The determination and judgment of the county judge is reversed without costs.